**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

JAMES ALFREDO CLAWSON,

    Plaintiff,

v.                                                  CIVIL ACTION NO. 5:25-cv-00481

THE STATE OF WEST VIRGINIA,
*Governor*, HARRISON COUNTY,
THE WEST VIRGINIA PAROLE BOARD,
CHRISTOPHER MCCARTHY, *Judge,*
*Nineteenth Judicial Circuit*,
GINA SNUFFER, *Prosecutor,*
*Harrison County*, JASON GLASS,
*(former Glass Defense Firm),*
*Prosecuting Attorney, Monongalia County*,
JAY WILLIAMS, *Detective,*
*Bridgeport Police Department*, and
THE WEST VIRGINIA STATE BAR,
*State B.A.R. Association*,

    Defendants.

**ORDER**

    Pending are the Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs [ECF 1, 9], filed on August 1, 2025, and September 12, 2025, respectively.

    This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on September 23, 2025. [ECF 11]. Magistrate Judge Aboulhosn recommended the Court deny Plaintiff's Applications and Dismiss Plaintiff's Complaints [ECF 2, 6, 10].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on October 10, 2025. No objections were filed.[1]

---

[1] On September 26, 2025, Tien Xuan Le attempted to file a Motion to Extend Time to Amend Mr. Clawson's Second Amended Complaint. As explained by Magistrate Judge Aboulhosn in his PF&R, this filing cannot be accepted by the Court because Tian Xuan Le cannot submit filings on behalf of Mr. Clawson. [ECF 11 at 2, n. 1, 3]. Longstanding West Virginia and Fourth Circuit law prohibits unlicensed individuals from litigating on behalf of others. *See* W. Va. Code § 30-2-4; *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 243 (4th Cir. 2020) (quoting *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for oneself, however, does not create a coordinate right to litigate for others.")). Additionally, the filing contravenes the directives given by Magistrate Judge Aboulhosn. Accordingly, the Court need not address the improper Motion to Extend Time.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 11**], **DENIES** Plaintiff's Applications to Proceed without Prepayment of Fees or Costs [**ECF 1, 9**], **DISMISSES** Plaintiff's Complaints [**ECF 2, 6, 10**], and **DISMISSES** the matter.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: October 30, 2025

Frank W. Volk
Chief United States District Judge